## APPEAL OF JOHN STEPHENS.

Docket No. 3751.    Submitted July 21, 1925.    Decided September 30, 1925.

> Attorneys' fees and other expenses incurred by a taxpayer in defending an indictment for conspiracy to defraud the United States may not be deducted as business expenses in the absence of evidence showing the extent to which the alleged illegal acts of the taxpayer were connected with his business.

*William S. Hammers, Esq.*, for the taxpayer.
*A. H. Murray, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and LANSDON.

This is an appeal from the determination of a deficiency in income tax for the year 1922 in the amount of $334.73. All the facts before the Board are contained in a stipulation submitted by the parties.

### FINDINGS OF FACT.

The taxpayer is an individual residing at Jacksonville, Fla. During the year 1922 he engaged in the lumber business.

The Commissioner, in determining the taxpayer's net income subject to taxation for the year 1922, disallowed as a deduction the sum of $5,604.05, and the deficiency is due to said disallowance.

The sum disallowed as a deduction was expended by the taxpayer during 1922 for attorneys' fees and other expenses incurred in defending himself against an indictment returned by a Federal jury charging him with conspiracy to defraud the United States in connection with the reporting of profits from the sale of lumber under

contracts with the War Department. The taxpayer was exonerated from the charge of conspiracy by a jury in the Supreme Court of the District of Columbia.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

JAMES: Both parties rely upon the decision of this Board in the *Appeal of Sarah Backer*, 1 B. T. A. 214. The Commissioner claims that the *Backer* appeal is authority for the proposition that, regard-less of the connection of the expenditures with the business, defense against indictments for illegal acts is a personal matter and expenses connected therewith are personal expenses. The taxpayer points to the language of the opinion dealing with the question of proximate cause, and insists that in cases in which the indictment grows directly out of the business conducted by the taxpayer the cause is proximate and the expenses are business expenses. On the facts before us it is not necessary in this appeal to indicate the extent to which expenses connected with the alleged commission of illegal acts may properly be considered business expenses, as proximately resulting from the business carried on. In at least one appeal the Board has held such expenses to be deductible. Appeal of *Huff*, *Andrews & Thomas*, 1 B. T. A. 542. But it is apparent from the stipulated facts in this appeal that no facts have been placed before the Board which indi-cate the extent to which the alleged illegal activities of the taxpayer were connected with his business. It is merely stated that—

The sum disallowed as the deduction was expended by the taxpayer during 1922 for attorneys' fees and other expenses incurred in defending himself against an indictment returned by a Federal jury charging him with conspiracy to defraud the United States in connection with the reporting of profits from the sale of lumber under contract with the War Department.

We are not informed whether the conspiracy with which the tax-payer was charged related to an attempt to get more money out of the Government in connection with these contracts, or whether the conspiracy related to an understatement of the income received there-from in connection with returning his income for taxation. The stipulation before the Board furnishes nothing in the way of the facts surrounding the transaction in question so as to give to it any information which would be helpful in determining whether the expenditures incurred were in fact incurred on personal or on busi-ness account. Under these circumstances we must hold that the tax-payer has failed to prove his case, and the determination of the Commissioner must be approved.

TRUSSELL and PHILLIPS dissenting.

ARUNDELL not participating.