## APPEAL OF F. MEYER & BROTHER CO.

Docket No. 5384.   Decided July 29, 1926.

*E. H. Batson, Esq.*, for the petitioner.
*B. H. Saunders, Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

TRUSSELL: This is an appeal from the determination of a deficiency in income and profits taxes in the amount of $3,518.67 for the year 1920, resulting from the disallowance by the Commissioner of a claimed deduction from gross income in the amount of $12,860.21, part of the cost of patent infringement litigation.

## FINDINGS OF FACT.

1. The taxpayer is an Illinois corporation with its principal place of business at Peoria.

2. During the year 1920 the taxpayer was the defendant in a lawsuit in the United States District Court, the case being entitled *Excelsior Steel Furnace Co. v. F. Meyer & Brother Co.* The issue therein involved certain alleged patent infringements. In the course of the suit the court ordered an accounting to be made by the taxpayer to ascertain the amount of damages resulting from the alleged patent infringement. The pertinent parts of the order read as follows:

IT IS HEREBY ORDERED, that F. W. Nelson, a certified public accountant of the State of Illinois, be, and he is hereby appointed to examine into the books and accounts of the defendant, F. Meyer & Brother Company, and to make and state under oath to be administered by the Master, on account in pursuance with the order of the Master, copy of which order is attached hereto; that said account shall be made and stated by September 30, 1920, unless said accountant shall at such time find it necessary to apply to the court for further time to make and complete the same.

IT IS FURTHER ORDERED, that the defendant, F. Meyer & Brother Company, shall pay the costs and charges of said accountant, for his services in making and stating said account, but that the defendant shall have the right to hereafter apply for the retaxing of such charges upon a proper showing.

The foregoing order was made under date of August 2, 1920, and in pursuance of this order the petitioner employed auditors and accountants, the expense of which amounted to $12,860.21, which was paid by the petitioner during the taxable year 1920. The said accountants and auditors had no connection with the controversy in question other than the rendition of their services, which were contracted and paid for by the petitioner, and no part thereof was recovered by the petitioner during said year.

3. The petitioner, having paid the above-mentioned amount, caused the same to be properly entered upon its books of account as a business expense for the year 1920 and included it among its deductions from gross income in its income-tax return for that year. The Commissioner disallowed the deduction on the ground that the amount should be treated as a deferred charge until such time as the litigation was finally disposed of by the court. At the date of the hearing of this proceeding no final settlement of the petitioner's liability in respect of patent infringement litigation had been had.

4. The item of $12,860.21 was an ordinary and necessary expense for the year in which paid.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*