GEORGE L. RICKARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12500.   Promulgated June 27, 1928.

*Rolland L. Nutt, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner contends that the amount expended by him in defense of the criminal prosecution is an ordinary and necessary expense of his business and is therefore deductible in determining his net income. The evidence does not disclose the nature of the criminal offense. It does not disclose in what way, if any, the criminal offense was connected with the petitioner's business, that is, the business of promoting and managing boxing contests, other amusements and the operation of a swimming pool. There is no evidence to indicate that the business carried on by the petitioner was proximately related or related in any way to the criminal charge, or that the criminal charge proximately resulted from petitioner's business. The offense charged, according to the stipulated facts, was " a criminal offense against a patron of the Madison Square Garden swimming pool." We are unable to see how the management of the swimming pool is necessarily accompanied by the commission of a criminal offense against a patron or by the accusation of the commission of an offense against a patron. Criminal offenses against patrons of a swimming pool are certainly not ordinary and necessary business acts connected with the operation of the swimming pool. In other words, it is not shown that the act which gave rise to the accusation was a business act in connection with the carrying on of the petitioner's business activities. See *Sarah Backer, et al.*, 1 B. T. A. 214; *John Stephens*, 2 B. T. A. 724; *Columbus Bread Co.*, 4 B. T. A. 1126.

The petitioner cites in support of his contention the case of *Kornhauser* v. *United States*, 276 U. S. 145. We do not think, however, that case has any material bearing upon the situation here presented. No criminal offense was involved in that case. The attorneys' fees and expenses involved in the *Kornhauser* case were incurred in defense of a suit for an accounting brought by a former partner.

In view of the foregoing, it is our opinion that the attorney's fees and other expenses paid by the petitioner in defending himself

from the criminal prosecution were not ordinary and necessary expenses of his trade or business and are, therefore, not deductible.

*Judgment will be entered for the respondent.*