## CONTINENTAL SCREEN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30350.   Promulgated May 26, 1930.

*H. A. Mihills, C. P. A.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

OPINION.

SMITH: The single question presented by this proceeding is whether attorneys' fees paid by the petitioner in the calendar year 1925, and in the fiscal period January 1 to July 31, 1926, for services performed by the attorneys in representing it before the Federal Trade Commission, are ordinary and necessary expenses deductible from gross

income within the meaning of section 234(a)(1) of the Revenue Act of 1926, which permits a corporation to deduct from gross income, among other items, "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." At the hearing of this proceeding counsel for the respondent stated that the disallowances by the respondent were based upon several decisions of the Board. He stated:

* * * In the first place, we are relying upon the *F. Myer and Company* case, reported in 4 B. T. A., at page 481, which involves expenses incurred in connection with defending a suit for an alleged patent infringement, and defending of an action for an accounting in receivership as set forth in the *O'Day Investment Company*, reported in 13 B. T. A., at 1230, and defending an action for partnership accounting, as set forth in the *Kornhauser* case, reported in 48 Supreme Court, 219, or where the act alleged to have been committed is illegal, such as perjury, for instance, in the *Sarah Backer* case, reported in 1 B. T. A., at page 214, or a conspiracy to defraud as set forth in the appeal of *John Stephens*, 2 B. T. A. 724, or violation of the anti-trust laws of the State of Ohio as set forth in the appeal of the *Columbus Bread Company*, 4 B. T. A. 1126, and in those cases, the Board has consistently refused to allow expenses incurred in defense of the act as an ordinary and necessary business expense.

We have carefully examined the cases cited and are of the opinion that the decisions of the Board which have disallowed the deduction of attorneys' fees as ordinary and necessary expenses are not in point. In the first place, it is to be noted that in the present proceeding no suit had been brought against the petitioner for an injunction to restrain it from continuing its practices or for the dissolution of the corporation. The Federal Trade Commission, upon imperfect information, raised a question as to whether the petitioner was not violating the Sherman Anti-Trust Law. It was perfectly proper for the petitioner to present its case before the Federal Trade Commission. The counsel fees were paid for services in connection with the presentation of the petitioner's case. After obtaining the full facts the Federal Trade Commission dismissed its complaint against the petitioner. This must be interpreted to mean that the petitioner was found to the satisfaction of the Commission not to be operating in violation of the Sherman Anti-Trust Law. It was permitted to continue its practices. The expense of employing the attorneys was incurred in the course of its business operations. In *Kornhauser* v. *United States*, 276 U. S. 145, it was stated:

In the *Appeal of F. Meyer & Brother Co.*, 4 B. T. A. 481, the Board of Tax Appeals held that a legal expenditure made in defending a suit for an accounting and damages resulting from an alleged patent infringement was deductible as a business expense.

The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (*Appeal of Backer*, 1 B. T. A. 214, 216), proximately resulted from, his business, the expense incurred is a business expense within the meaning of section 214(a),

subd. 1, of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case. * * *

Similarly, in this case we are of the opinion that the attorneys' fees paid proximately resulted from the conduct of petitioner's business. They were ordinary and necessary expenses of conducting the business and as such are legal deductions from gross income.

*Judgment will be entered for the petitioner.*