CITRON-BYER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37853.    Promulgated November 12, 1930.

*Theodore B. Benson, Esq.,* for the petitioner.
*Frederick R. Shearer, Esq.,* for the respondent.

310

PHILLIPS: The agreed stipulation of facts contains equivocal statements. The use of the " and/or " is highly objectionable. The facts should be stipulated as they occurred and not in the alternative; much less in both the conjunctive and alternative.

We are met at the outset with the question of who purchased the wire. Was it purchased by petitioner through its officers Citron and Byer, or by it in conjunction with these two officers, or by these two officers in their individual capacity? The doubt raised in the first sentence of paragraph four of the stipulation must be resolved in favor of the first meaning, since Citron and Byer are not referred to in their individual capacity, but as officers, and since further on in the same paragraph petitioner is referred to as " the purchaser."

Petitioner, which was engaged in the junk business, purchased from the Government coils of wire. The Government agents delivered what the Government contended and petitioner apparently admitted was another and more expensive kind. The Government demanded additional pay and received it. Thereafter petitioner and its two officers were indicted for conspiracy to defraud the Government in the transaction; this indictment was dismissed for want of prosecution. A second indictment was found. The defendants moved to quash this latter indictment, and the judge, after hearing the witnesses who had testified before the grand jury, held that there was not a single iota of legal evidence to sustain the charges made and then quashed the indictment.

Here petitioner is not seeking to deduct anything in the nature of a fine or penalty incurred by a violation of the laws as in *Great Northern Railway Co.*, 8 B. T. A. 225; affd., *Great Northern Railway Co.* v. *Commissioner*, 40 Fed. (2d) 372. Not only did the presiding judge hold that there was not an iota of legal evidence to sustain the charge as laid, but it is stipulated that the erroneous delivery was the act of the representatives of the Government. No crime was committed and none was contemplated. Petitioner did not lay itself open to the charge of conspiracy to defraud. Petitioner was indicted for an alleged crime which it had not committed. The transaction out of which the indictment grew was a purchase made in the operation of its business. In defense of this prosecution petitioner paid counsel fees to attorneys to defend it.

The question presented is whether the amount of $3,460 paid for counsel fees is deductible as an ordinary and necessary business expense within the meaning of section 234 (a) (1) of the Revenue Act of 1926. We have not been favored by a brief in behalf of respondent, but we find that in his deficiency letter he stated that the deduction was disallowed because the fees were paid " for legal

services to defend a criminal action brought against it by the United States * * . *." We anticipate that the contention would be that it would not be within the ordinary and necessary course of business of a corporation to violate a criminal law and that therefore expenses paid in defense of a prosecution for such offense did not constitute ordinary and necessary business expenses and this irrespective of whether it was guilty or innocent. By the same token it is not a part of the ordinary business of a physician to be guilty of malpractice, nor of a corporation to infringe patents, nor of an expartner to wrongfully retain that which belonged to his former partner, but·in all these cases deductions were allowed of fees paid in defense of actions to recover. *Kornhauser* v. *United States*, 276 U. S. 145, and cases there cited with approval. We can not perceive that it matters whether the fees were paid in defense of a civil or of a criminal action. Indeed, in the Great Northern case, *supra*, the larger part if not all the penalties were recoverable by civil actions which were not governed by considerations controlling prosecutions for criminal offenses. *Chicago, Burlington & Quincy Ry. Co.* v. *United States*, 220 U. S. 559. If the fees were paid in defense of an action or proceeding directly connected with and proximately resulting from the ordinary and proper conduct of the taxpayer's business, they are ordinary and necessary expenses of the business and deductible as such. The situation is not the same as that presented where the taxpayer, engaged in a lawful business, violates regulations laid down for the conduct of that business and thereby incurs penalties, for then it must be assumed that such violations are not necessary. *Great Northern Railway Co.* v. *Commissioner*, *supra*. Since the acts which were the basis of the indictment in this case were connected with and grow out of the legitimate business transactions of petitioner, the amount of the fees constituted an ordinary and necessary business expense. *Continental Screen Co.*, 19 B. T. A. 1095.

*Decision will be entered under Rule 50.*