*469 OPINION.
Van Fossan:
Alternative contentions are urged by petitioner to sustain the deduction in controversy. The first position is that the $11,961.17 which he expended in the taxable year was expended in protecting his income-producing capital from various threats made by Sutton and was deductible as an ordinary and necessary business expense. The second position is that a portion of the $11,981.17, i. e., $4,581.61, is deductible as a contribution for the use of the United States. It is our opinion that petitioner can not prevail on either premise.
Respondent apparently concedes that petitioner, in managing his property and investments, was engaged in business. With this we agree. See Kales v. Commissioner, 101 Fed. (2d) 35 (C. C. A., 6th Cir.); Foss v. Commissioner, 75 Fed. (2d) 326 (C. C. A., 1st Cir.); and Cornelia W. Roebling, 37 B. T. A. 82. The statute,[1] however, requires that an expenditure to be deductible must be an ordinary and necessary business expense, and specifically provides[2] *470 that no deduction shall be allowed in respect of personal or family-expenses.
As we view it, the expenditure of the $11,961.17 was primarily if not purely a personal expense connected with the well being and protection of petitioner’s family.
Counsel’s argument that the extortion letter and the threat of suit were attacks on the capital of petitioner and that the expenses were entailed in defense thereof, we believe to be without substantial merit. Petitioner’s testimony that “of course the danger to my family was part of it [his reason for employing Helpling] and I wanted to put myself on record by carrying this case to a conclusion to warn other people away from attacking either my family or my capital”, is almost, if not quite, conclusive. To be deductible the expense must be “directly connected with” or “proximately resulting from the business.” Kornhauser v. United States, 276 U. S. 145. See cases cited below.[3] In the case at bar the expenditure, made because of the extortion letter, was directly connected with and proximately resulted from personal or family considerations rather than any business in which petitioner was engaged.
Were we to hold, contrary to the above conclusion, that the expenditures were made primarily by reason of the fear of an impending suit by Sutton for damages for false arrest, the answer would be the same. Applying petitioner’s reasoning, expenses incurred in prosecuting or defending almost any civil action would be deductible, however remote from taxpayer’s business. Such is not the law.
An argument similar to that made here was presented in David G. Joyce, 3 B. T. A. 393. It was there said:
* * * It is argued on behalf of the taxpayer that be is engaged in the business of managing, investing, and preserving bis estate, and that the attack, or threatened attack, by his wife on the postnuptial agreement was an attack upon or a claim against his property. It is not asserted that the expense of every litigation which might result in diminishing the taxpayer’s estate would be a business expense. The contention is that the agreement related to his property, and, since the property was the “subject matter” of his business, the agreement had the effect of giving him greater freedom in managing his “business property”; therefore, the expense of defending and maintaining this agreement is a business expense. This reasoning is ingenious, but we do not think it is sound. We pass the question of whether this taxpayer was carrying on any trade or business, because its answer is unnecessary to a decision of the case. We think the expenditure, in any event, was not a business expense within the meaning of the statute.
*471 The effect of the agreement may have been all that the taxpayer claims, but that does not determine the character of the agreement or of the claims for its modification. Also, his purpose in entering into the agreement, or in resisting the attacks upon it, is not determinative of the nature of the expense. Any kind of liability to which he might have been subjected, however remote from the carrying on of his business, would have the same results to his estate. The taxpayer’s argument ignores the genesis of the rights which he attempted to settle and limit by the postnuptial agreement. Whatever rights the wife had arose out of the marriage relationship, and her claims subsequent to the post-nuptial agreement were certainly of the same origin. It is this fact which must determine the nature of the expense of opposing or adjusting those claims. To say that it was an ordinary and necessary expense incurred “in carrying on any trade or business” would be to broaden the scope of this language beyond any reasonable interpretation of it.
It is hardly necessary to allude to the fact that marriage is a personal relationship, except for the purpose of pointing out that the legal rights and obligations annexed to the relationship are also personal, and the expenses connected therewith would, we think, come within the classification of personal or family expenses. The Revenue Act expressly provides that personal and family expenses may not be deducted from gross income.
The parallelism between the arguments urged in that case and those urged in the present one is striking, and here, as there, our conclusion is that the sum involved is not deductible as an ordinary and necessary business expense. Incidentally, it may be observed that, assuming the expense was deductible in part as a business expense, in defense of his capital, there is absolutely no way on the record of determining such an amount.
We have already indicated that our opinion is that petitioner’s alternative contention relative to the deductibility of the allowable portion of the sum expended as a contribution for the use of the United States is without merit.
With reference to this it should first be noted that the provision of the statute[4] allowing for the deduction of “charitable and other contributions” states that the contribution or gift must be “for exclusively public purposes.” The present case does not meet this requirement. Petitioner was not motivated by a philanthropic impulse nor did he intend to make a contribution to the United States. He was seeking to bring to account a person he thought to be responsible for writing an extortion letter threatening harm to his children. In addition, petitioner was in a position where he felt he had to substantiate his accusations or be open to a suit by Sutton for false arrest. These considerations were peculiarly personal to taxpayer.
Although it may be said that the United States was benefited in some degree by the expenditure on the part of petitioner, this benefit is not such as to bring the payments within the contemplation of the statutory provision. The mere fact that an act or expenditure on the part of the taxpayer indirectly, and in some unascertainable *472 amount, may inure to the benefit of the Government does not entitle the taxpayer to a deduction therefor.
No useful purpose would be served to review here the few cases[5] pertaining to this type of a claim for deduction. It is sufficient to say that the case at bar presents an obviously different situation from the donation of a dam and park to a political subdivision of a state, or similar direct donations.
We, therefore, conclude that petitioner is not entitled to a deduction on account of the expenditures in question either as a business expense or as a contribution for the use of the United States.

Decision, toill 1)6 entered for the respondent.

 Sec. 23 (a), Revenue Act of 1934.

 Sec. 24 (a), id.

 Cases wherein the expense was held to; he “directly connected with” or “proximately resulting from” the business: Kornhauser v. United States, 276 U. S. 145; Commissioner v. People’s Pittsburgh Trust Co., 60 Fed. (2d) 187 (C. C. A., 3d Cir.), affirming 21 B. T. A. 588; Commissioner v. Continental Screen Co., 58 Fed. (2d) 625, affirming 19 B. T. A. 1095; Hal Price Headley, 37 B. T. A. 738; Citron-Byer Co., 21 B. T. A. 308.
Cases where action was purely personal and not directly connected with taxpayer’s business or proximately resulting therefrom: Pantages Theatre Co. v. Welch, 71 Fed. (2d) 68 (C. C. A., 9th Cir.); Frank G. Robins, 8 B. T. A. 523; George L. Rickard, 12 B. T. A. 836.

 Sec. 23 (o) (1), Revenue Act of 1934.

 Wolfe v. McCaughn, 5 Fed. Supp. 407; cf. Koehler v. Lewellyn, 44 Fed. (2d) 654 (D. C.); Johnson v. United States, 8 Fed. Supp. 842.