## DUIGNAN *v.* UNITED STATES ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE
SECOND CIRCUIT.

No. 101. Argued February 21, 1927.—Decided April 25, 1927.

1. Case held properly reviewable by appeal under Jud. Code § 241,
   before amendment, and certiorari denied. P. 197.
2. In a suit by the United States against a lessor and a lessee to
   abate a liquor nuisance, under § 22 of Title II of the Prohibition
   Act, issues raised by a cross bill of the lessor asserting his federal
   right under § 23 to a forfeiture of the lease as against the lessee,
   are within the jurisdiction of the District Court regardless of the
   citizenship of the parties. P. 197.
3. A suit by the United States to abate a liquor nuisance under § 22
   of Title II of the Prohibition Act, is a suit in equity and triable
   without a jury. P. 197.

4. The constitutional right to a jury trial may be waived by proceeding to trial without demanding a jury and is not saved by an application to the discretionary power of the court, sitting in equity, to frame issues for a jury. P. 198.

5. To support a demand for a jury trial of matters raised by a cross bill, the demandant must first put them in issue by answering the cross bill. P. 199.

6. Objections to the equity jurisdiction to adjudge a forfeiture of a lease under § 23 of Title II of the Prohibition Act, and to the assertion of this right through a cross bill filed by the lessor against the lessee in a suit brought against them both by the United States under § 22, are waived if not seasonably taken. P. 199.

4 F. (2d) 983, affirmed.

APPEAL from a decree of the Circuit Court of Appeals which affirmed a decree of the District Court abating a nuisance and adjudging forfeiture of a lease, under §§ 22 and 23 of the Prohibition Act.

*Mr. Alfred J. Talley* for appellant.

*Mr. John W. Davis* for appellee Pall Mall Realty Corporation.

*Solicitor General Mitchell* was on the brief for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

The United States filed a bill in equity in the district court for southern New York, under § 22 of the National Prohibition Act, to abate a liquor nuisance alleged to be maintained by Duignan, the appellant, upon premises occupied by him under a lease. By amended bill, the appellee, the Pall Mall Realty Corporation, the owner of the leased premises, was made a party defendant. In its answer, it admitted the allegations of the bill. By cross bill it set up its ownership of the premises, its lease to Duignan, the maintenance of a liquor nuisance by him on the premises in violation of § 21 of the National Pro-

hibition Act, and asked that the lease be forfeited under § 23 of the Act. Appellant neither answered the cross bill nor directed any motion to it, but made application for a jury trial which was denied.

On the trial without a jury, appellant drew in question the constitutionality of the forfeiture of his leasehold as a denial of due process of law. After the trial, in which the existence of the nuisance was litigated, the district court decreed the forfeiture of the lease. This was affirmed by the court of appeals for the second circuit. 4 F. (2d) 983. The case is properly here on appeal, Jud. Code, § 241, before amended, and the petition for certiorari, filed as a jurisdictional precaution, is denied.

At the outset, appellant denies the jurisdiction of the district court to try the issues raised by the cross bill, in the absence of diversity of citizenship. Section 23 provides: "Any violation of this title upon any leased premises by the lessee or occupant thereof shall, at the option of the lessor, work a forfeiture of the lease." The right thus given to the lessor to forfeit the lease is one arising under a law of the United States, and the district court had jurisdiction to determine a suit founded upon it, regardless of the citizenship of the parties. Jud. Code, § 24 (a).

Numerous other questions are raised by appellant's brief and argument, but so far as they are of substance, they are involved in or incidental to the two principal grounds urged for reversal: (1) that appellant was denied the right to a jury trial, in violation of the Seventh Amendment of the Constitution, and (2) that the forfeiture of appellant's lease is a denial of due process of law.

So far as appellant's motion for a jury trial was directed to the issues raised by the bill and answer, it was properly denied, as § 22 of the National Prohibition Act

authorizes the abatement of a liquor nuisance by a bill in equity filed by the United States. Cf. *Murphy* v. *United States,* 272 U. S. 630. But it is urged that § 23, assuming its constitutionality, at most gives a right at law to a possessory action for the recovery of the leased premises, which is not cognizable in a court of equity; and in any case, appellant was entitled to have the issues raised by the cross bill tried by a jury.

Appellant's application for a jury was in terms a motion for an order "framing for trial by jury the issues in this action as to the occurrences of the alleged violations of the National Prohibition Act." It clearly appears from the notice of motion and the supporting affidavits that the motion was not a challenge to the equity jurisdiction of the court nor a demand for a jury trial in an action at law, such as is guaranteed by the Constitution. It was rather an application addressed to the discretion of the court sitting in equity to frame issues for a jury to aid, as stated, "in advising the court as to the credibility of the witnesses," and was made on the ground that this was "not the usual equity case, which ordinarily involves only matters of law."

The right to a jury trial may be waived where there is an appearance and participation in the trial without demanding a jury. *Kearney* v. *Case,* 12 Wall. 275; *Perego* v. *Dodge,* 163 U. S. 160, 166. Section 649 of the Revised Statutes provides that issues of fact may be tried by the court without a jury, upon written stipulation of the parties, and that the finding of the court upon the facts shall have the same effect as the verdict of the jury. But this section does not preclude other kinds of waiver. *Kearney* v. *Case, supra.* Its purpose and effect, when read together with §§ 648 and 700, is to define the scope of appellate review in actions at law without a jury. Unless there is a written stipulation waiving a jury, there can be no review of the rulings on questions of law in

,the course of the trial or of the sufficiency of a special finding to support the judgment. See *Law* v. *United States,* 266 U. S. 494, 496; cf. *Fleischmann Co.* v. *United States,* 270 U. S. 349, 355, 356. Appellant's failure to demand a trial by a common law jury amounted, we think, to a waiver of the constitutional right, if any, now claimed.

But even if his application for a jury trial be regarded as an assertion of his constitutional right, there were no issues to be tried by a jury, as he had failed to answer the cross bill. *The Confiscation Cases,* 20 Wall. 92, 110. Hence, there was no error in the court's finding the facts supporting its judgment, without a jury. Whether issues raised by the pleadings in proceedings under § 23 must be tried by jury if seasonably demanded is a question which does not arise on this record.

Appellant on appeal for the first time challenged the equity jurisdiction of the court, urging that the remedy at law was adequate. The cancellation of appellant's lease, which was the relief sought, was a remedy competent for equity to give. The repeated holdings of the lower courts that a suit brought under § 23 is one cognizable in equity,[1] at least suggest that the suit is not so plainly at law that the court should, of its own motion, have dismissed it. Under such circumstances, objection to the equity jurisdiction not seasonably taken is waived, *Kilbourn* v. *Sunderland,* 130 U. S. 505, 514; *Brown* v. *Lake Superior Iron Co.,* 134 U. S. 530, 534–536; *Perego* v. *Dodge, supra,* 164, especially where, as here, appellant did not answer the cross bill. For the same reason it is unnecessary for us to determine whether appellee adopted the proper procedure in seeking the forfeiture of the lease by cross bill.

[1] *Grossman* v. *United States,* 280 Fed. 683; *United States* v. *Boynton,* 297 Fed. 261; *United States* v. *Archibald,* 4 F. (2d) 587; *United States* v. *Gaffney,* 10 F. (2d) 694: cf. *United States* v. *Schwartz,* 1 F. (2d) 718.

We do not consider the constitutionality of the forfeiture under § 23. The court below in enumerating the questions raised and presented made no mention of the constitutional question. The assignment of errors below did not refer specifically to it as required by the rules of that court, and so far as the record discloses, it was not presented there. See *United States* v. *Gaffney,* 10 F. (2d) 694, 696. This Court sits as a court of review. It is only in exceptional cases coming here from the federal courts that questions not pressed or passed upon below are reviewed. See *Montana Ry. Co.* v. *Warren,* 137 U. S. 348, 351; *Old Jordan Mining Co.* v. *Société Anonyme Des Mines,* 164 U. S. 261, 264, 265; *Magruder* v. *Drury,* 235 U. S. 106, 113; *Gila Valley Ry.* v. *Hall,* 232 U. S. 94, 98; *Grant Bros* v. *United States,* 232 U. S. 647, 660; *Ana Maria Sugar Co.* v. *Quinones,* 254 U. S. 245, 251; cf. *West* v. *Rutledge Timber Co.,* 244 U. S. 90, 99, 100; *United States* v. *Tennessee & Coosa R. R.,* 176 U. S. 242, 256.

*Decree affirmed.*