## KOTTEMANN v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7727.

Circuit Court of Appeals, Ninth Circuit.
Jan. 27, 1936.

Thomas R. Dempsey, A. Calder Mackay, and Arthur McGregor, all of Los Angeles, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Harry Marselli and Sewall Key, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

GARRECHT, Circuit Judge.

In the calendar year 1927 William C. Kottemann, petitioner herein, incurred as atttorneys' fees, as a business expense, an indebtedness of $20,000. He paid $3,500 of this amount on account during the year 1927. Petitioner states the question involved herein as follows: "Is Petitioner entitled to take as a deduction from gross income for the calendar year 1927 the entire amount of legal expenses incurred during that year in the sum of $20,000.00, or is he limited to the amount actually paid during said year of $3,500.00?"

It is conceded that, as to all other transactions, petitioner kept his books on the accrual basis, and therefore he now asserts that he should have been allowed to deduct the entire $20,000 in the year in which the indebtedness was incurred, instead of only $3,500, the amount actually paid during that year and claimed in the return filed for 1927.

It appears that petitioner paid $3,500 of this attorneys' fee in 1927, $3,500 in 1928, and $6,500 in 1929, and claimed deductions of these amounts in the income tax returns for the respective years. In addition, he claimed a deduction of the remaining $6,500, on the accrual basis, in the 1929 return. The Commissioner denied the deductions on the ground that the attorneys' fee was a personal expense and not deductible. The Board held that the taxpayer was entitled to deduct the amounts paid, saying: "We are convinced that respondent was in error in disallowing the deduction of the sums paid to the attorneys who defended petitioner against the indictment. Had petitioner not accepted the employment by Julian Petroleum Corporation the charges would not have been made nor the indictment found. As events proved, petitioner was guilty of no wrongdoing. The case seems to come clearly within the decisions in Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Citron-Byer Co. [v. Com'r], 21 B.T.A. 308; H. M. Howard [v. Com'r], 22 B.T.A. 375; Matson Navigation Co. [v. Com'r], 24 B. T.A. 14." Cf. Pantages Theatre Co. v. Welch, 71 F.(2d) 68 (C.C.A. 9).

With regard to the $6,500 deducted, but not paid, the Board said: "Having departed from the accrual basis as to this item of $20,000 and having employed the cash basis as to it for two years, he could not, at his election, go to the accrual basis in 1929. Such action would not accurately reflect income for that year as the indebtedness was not incurred in that year. The deduction of $6500 accrued on petitioner's books but not paid is disallowed."

Petitioner, in the proceeding before the Board, raised other questions which are not of importance here, and the Board, after rendering its memorandum decision, entered its decision to the effect that there was an overpayment in the year 1927 of $986.21. In his brief petitioner says: "The Board of Tax Appeals held, however, that Petitioner was entitled to deduct from his gross income for 1927 only $3,500.00, the amount actually paid in 1927. In this, Petitioner respectfully submits the Board erred by not allowing the entire $20,000."

Respondent, however, points out that: "The issue of the right to a deduction of the entire $20,000 in 1927 was not raised in the Board of Tax Appeals, and is not therefore properly before the Court." And the record bears him out. It follows, necessarily, that the question of whether or not petitioner was entitled to deduct the $20,000 on the accrual basis in 1927, if he had claimed it as a deduction, may not be vital to the determination of the present proceeding. We are first concerned with the question of whether or not petitioner is barred in this court from raising this question, not having brought the precise point to the attention of the Board of Tax Appeals.

Respondent also claims that petitioner is estopped to claim a deduction of the entire $20,000 for 1927 because he deducted the sums actually paid on the attorneys' fee in the 1927, 1928, and 1929 returns.

In his petition to the Board of Tax Appeals on appeal from the determination of the Commissioner, the taxpayer assigned as error: "(a) The Commissioner has erred in denying to the taxpayer the right to treat as a proper business expense and as a deduction from his gross income the amount of certain legal fees *paid* by him." (Italics ours.) Again, in this same petition, under "Propositions of Law," he says: "The expenses *deducted* for legal fees are deemed to be a proper legal expense of the taxpayer and that such expense was a necessary expense incident to his business." (Italics ours.) In his "First Amendment to [this] Petition" the taxpayer does not mention the point raised before this court. In

his petition for review, addressed to this court, appears, for the first time, the question raised by the petitioner herein.

It is a fundamental rule of federal appellate procedure that only such points as are made in the court below or such questions as are there raised will be reviewed on appeal; and, unless the questions or points have been presented to the court below, they are not before this court for review. The Supreme Court of the United States, in Duignan v. U. S., 274 U.S. 195, 200, 47 S.Ct. 566, 568, 71 L.Ed. 996, said: "This court sits as a court of review. It is only in exceptional cases coming here from the federal courts that questions not pressed or passed upon below are reviewed." See, also, the cases there cited, and Hecht v. Alfaro, 10 F.(2d) 464, 466 (C.C.A. 9), and General Motors Co. v. Swan Carburetor Co., 44 F.(2d) 24 (C.C. A. 6).

This rule is followed in cases coming to the Circuit Courts of Appeals from the Board of Tax Appeals. Jeffery v. Commissioner, 62 F.(2d) 661 (C.C.A. 6); Atkins' Estate v. Lucas, Commissioner, 59 App.D.C. 151, 36 F.(2d) 611, 613; Glassell v. Commissioner, 42 F.(2d) 653 (C.C.A. 5). The Supreme Court in Blair v. Oesterlein Mach. Co., 275 U.S. 220, 225, 48 S. Ct. 87, 88, 72 L.Ed. 249, said, citing Duignan v. U. S., supra: "We think the question suggested is not properly before us. It was not specifically raised on the record before the board, or either court below, and, so far as appears, was not considered by any of them. We were asked to grant certiorari only to pass upon the question whether the Commissioner's determinations under sections 327 and 328 may be appealed to the Board of Tax Appeals. This court sits as a court of review. It is only in exceptional cases, and then only in cases from the federal courts, that questions not pressed or passed upon below are considered here. * * * There are specially cogent reasons why this rule should be adhered to when the question involves a practice of one of the great departments of the government."

This court, in Title Insurance & Trust Co. v. Goodcell, etc., 60 F.(2d) 803, 804, said: "If the contention made in the brief may be regarded as a new or additional ground of recovery, then it may not be considered upon this appeal, as only such grounds may be reviewed as are presented in the claim for refund." See, also, Rout-

zahn v. Petroleum Iron Works Co. of Ohio, .56 F.(2d) 938, 940 (C.C.A. 6); Moise v. Burnet, etc., 52 F.(2d) 1071 (C. C.A. 9).

[2] The petitioner secured before the Board the relief for which he petitioned. The question raised before us seems to have been an afterthought. In view of the decisions above set forth, we are not at liberty to consider the question raised.

The decision of the Board of Tax Appeals is affirmed.