**HELVERING, Commissioner of Internal Revenue, v. HORMEL.**

**No. 11565.**

Circuit Court. of Appeals, Eighth Circuit.

April 25, 1940.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

R. C. Alderson, of Austin, Minn. (S. D. Catherwood and Catherwood, Hughes & Alderson, all of Austin, Minn., on the brief), for respondent.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals (39 B.T.A. 244) determining that there were no deficiencies in income taxes of the respondent for the years 1934 and 1935.

Respondent, a resident of Minnesota (hereinafter referred to as the taxpayer), on July 16, 1934, created three irrevocable short-term trusts for the benefit of his three minor sons. To himself and another, as trustees of each of the trusts, he conveyed shares of stock of Geo A. Hormel & Co., of which he was an officer. Each trust instrument recited that the trust was created for the benefit of the taxpayer and the benefit of the taxpayer's wife as guardian of the son named therein. The income of each trust up to $2,000 a year was to be paid to the wife as such guardian "for the use and benefit of" her ward, and the income, if any, in excess of $2,000 a year was to be paid to the taxpayer. Each trust was to terminate at the end of three years or upon the earlier death of either the taxpayer or the son named in the trust instrument. Upon the termination of the trusts, the corpus was to belong to the taxpayer or, in case of his death, to his heirs or the persons named in his will. The trustees had authority to appoint proxies to vote the stock held in trust. The trustees were not liable to the guardian, or to the sons, for loss except in case of wilful violation of duty. No title to the trust estates or to prospective dividends therefrom vested in the guardian, nor were the estates or such dividends subject to her debts or those of her wards. The guardian and her wards were prohibited from selling, encumbering or disposing of any interest in the trust estates or any dividends therefrom prior to the actual receipt of the trust income to which they were entitled from the trustees. In case of sale by the trustees of the stock held in trust and the substitution of other securities therefor, the income therefrom was to be trust income.

In each of the years 1934 and 1935 the taxpayer's personal income exceeded one hundred thousand dollars. In his returns for those years he took credit in his exemptions for his three dependent sons, the beneficiaries of the three trusts. He did not include in his gross income for those years the trust income of the three trusts which was paid to the guardian of the three sons under the terms of the trust instruments. Such income was reported in the returns of the beneficiaries. The Commissioner, however, included all of the income of these trusts in the taxpayer's gross income and assessed a deficiency accordingly. In his deficiency letter, the

Commissioner based his action upon § 166 of the Revenue Act of 1934, 48 Stat. 680, 729, 26 U.S.C.A. Int.Rev.Code, § 166.[1]

The taxpayer appealed to the Board of Tax Appeals. In the proceedings before the Board, the Commissioner relied upon § 166 and § 167 of the Revenue Act of 1934 26 U.S.C.A. Int.Rev.Code, §§ 166, 167.[2] The Board decided that neither of these sections was applicable. A minority of the Board members were of the opinion that under § 167 the trust income paid to the guardian of the taxpayer's sons was taxable to the taxpayer because it could have been used for relieving him of his obligation to support his children (Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L. Ed. 3, 101· A.L.R. 391) and because the wife had "no interest adverse to petitioner in the distribution of the income from the children's trusts." The Board entered its order on March 28, 1939, determining that there were no deficiencies in income taxes for the years in question.

In his petition for review of the decision of the Board, the Commissioner assigned as error: (1) the ruling of the Board that the entire income of the three trusts was not taxable to the taxpayer; (2) the failure of the Board to rule that such trust income was taxable to him under either § 166 or § 167. The record and briefs were filed in this Court prior to January 1, 1940. In

his brief, the Commissioner, under "Specifications of Error to be Urged", stated:

"The Board of Tax Appeals erred:

"1. In holding that the trust income here involved was not includable in the taxpayer's gross income for the years 1934 and 1935.

"2. In not holding that this income was taxable under Sections 166 and/or 167 of the Revenue Act of 1934.

"3. In entering its order of no deficiencies in income tax for the years 1934 and 1935 and in not entering an order that there are deficiencies in the amounts of tax attributable to the trust income here involved."

Under "Points and Authorities", the Commissioner's brief states:

"1. The grantor did not give up sufficient interest in the trust income to avoid taxation under Sections 167 and/or 22(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669.[3]

"2. The grantor did not give up sufficient interest in the trust corpus to avoid taxation on income therefrom under Sections 166 and/or 22(a) of the Revenue Act of 1934.

"3. The grantor retained sufficient interest in the income and corpus of the trusts to justify taxing him under Sections 167,

---

[1] "§ 166. Revocable trusts
"Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—
"(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or
"(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,
then the income of such part of the trust shall be included in computing the net income of the grantor."
[2] "§ 167. Income for benefit of grantor
"(a) Where any part of the income of a trust—
*   *   *   *   *   *
"(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor;
*   *   *   *   *   *

then such part of the income of the trust shall be included in computing the net income of the grantor.
"(b) As used in this section, the term 'in the discretion of the grantor' means 'in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question.'"

[3] "§ 22. Gross Income
"(a) General Definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or ·interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.
*  *  *  *"

166 and 22(a), considered together and read as a whole."

The taxpayer, in his answering brief, under "Points and Authorities", stated:

"1. Grantor gave up sufficient interest in the trust income to avoid taxation under Sections 167 and/or 22(a) of the Revenue Act of 1934.

"2. The grantor gave up sufficient interest in the trust corpus to avoid taxation on income therefrom under Sections 166 and/or 22(a) of the Revenue Act of 1934.

"3. Grantor did not retain sufficient interest in the income and the corpus of the trust to justify taxing him under Sections 166, 167 and 22(a), considered together and read as a whole."

Under point 2 the taxpayer cites the case of Clifford v. Helvering, 8 Cir., 105 F.2d 586, which involved a short-term family trust similar to those here in suit. This Court held in that case that the income from the trust there considered was not taxable to the grantor. Certiorari was granted in that case by the Supreme Court of the United States, and the case was pending in that court at the time briefs in the case at bar were filed in this Court. On February 26, 1940, the Supreme Court filed its decision (Helvering v. Clifford, 60 S.Ct. 554, 84 L.Ed. ——) reversing this Court and holding that the income from the family trust created by Clifford was sufficiently his income to be taxable to him under § 22(a). On the same day the Supreme Court decided Helvering v. Wood, 60 S.Ct. 551, 84 L.Ed. ——, in which the Circuit Court of Appeals of the Second Circuit had held (104 F.2d 1013) that income from a short-term family trust was not taxable to the grantor. The Supreme Court affirmed on the ground that the Commissioner in the proceedings before the Board had relied solely on § 166 and § 167 and in the Court of Appeals had expressly waived reliance upon any section other than § 166.[4]

After these decisions of the Supreme Court, the taxpayer filed in this Court a supplemental brief, asserting that, since the Commissioner had not contended before the Board that under § 22(a) the trust income from the three trusts in suit was taxable to the taxpayer, and had not expressly mentioned that section in his assignments of error in petitioning for a review or expressly referred to it in his specifications of error in his brief in this Court, the question of the applicability of § 166 and § 167 was all that was before this Court for review. The Commissioner then filed an answering brief abandoning the contention that § 166 was applicable, and asserting that the income from the trusts was for purposes of taxation the income of the taxpayer under § 22(a) and § 167, and that this Court was not precluded from considering the applicability of § 22(a).

It is our opinion that the Board was right in deciding that § 167 was not applicable to these trusts. We have no reason to suppose that the laws of Minnesota governing these trusts and the guardianship of the Hormel children would have permitted the guardian to expend for their support trust funds received by her for

[4] The Supreme Court said:

"For a wholly different reason, petitioner's argument based on § 22(a) must fail. The Board of Tax Appeals purported to place its decision solely on § 166 and § 167 of the Act [26 U.S.C.A. Int.Rev.Code §§ 166, 167]. Petitioner in his assignments of error specifically mentioned only § 166 and § 167, not § 22(a). In his brief before the Circuit Court of Appeals petitioner expressly waived reliance upon any section other than § 166. Though petitioner in his petition for certiorari relied on § 22(a), respondent in opposition thereto took the position that that point was not available to petitioner here as it was not raised below. In view of these facts, especially the express waiver below, we do not think that petitioner should be allowed to add here for the first time another string to his bow. As we have indicated, the issues under § 166 and § 22(a) are not coterminous. Though both deal with concepts of ownership, the range of inquiry under the latter is broad, under the former confined. To open here for the first time and in face of the express disclaimer an inquiry into the broader field is not only to deprive this Court of the assistance of a decision below but to permit a shift to ground which the taxpayer had every reason to think was abandoned in the earlier stages of this litigation. See Burnet v. Commonwealth Improvement Co., 287 U.S. 415, 418, 53 S.Ct. 198, 77 L.Ed. 399. It is not apparent why a less strict rule is necessary in order adequately to protect the revenue." Helvering v. Wood, 60 S.Ct. 551, 553, 84 L.Ed. ——.

their use and benefit, since their father was abundantly able to support them. There is no basis for believing that the trusts were created for the purpose of relieving the taxpayer of the obligation of supporting his children or that the trust income belonging to them was or could have been so used. There is no presumption that gifts in trust such as these are in discharge of any obligation for support. Shanley v. Bowers, 2 Cir., 81 F.2d 13, 15. Moreover, the wife of the taxpayer, as guardian of the minor children, would be strictly accountable to such children for their share of the trust income, and, for that reason, she as guardian had a substantial adverse interest to the taxpayer in the distribution thereof.

■ The decision of the Board, however, cannot be sustained, in view of Helvering v. Clifford, supra, if we are at liberty to consider § 22(a). There are, we think, no controlling distinctions between the short-term family trusts here in suit and the trust which was involved in that case. The question of the right of this Court to reverse the Board, which decided correctly the only questions expressly presented to it, is not free from doubt.

■ The general rule is that a question of law not presented or passed upon below cannot be raised on appeal. Virtue v. Creamery Package Mfg. Co., 227 U.S. 8, 38, 39, 33 S.Ct. 202, 57 L.Ed. 393; Duignan v. United States, 274 U.S. 195, 200, 47 S.Ct. 566, 71 L.Ed. 996. This rule is applicable to review of decisions of the Board of Tax Appeals. Kottemann v. Commissioner, 9 Cir., 81 F.2d 621, 623; National Contracting Co. v. Commissioner, 8 Cir., 105 F.2d 488, 494. "It is only in exceptional cases, and then only in cases from the federal courts, that questions not pressed or passed upon below are considered here. Duignan v. United States, 274 U.S. 195, 47 S.Ct. 566, 71 L.Ed. 996." Blair v. Oesterlein Co., 275 U.S. 220, 225, 48 S. Ct. 87, 88, 72 L.Ed. 249. An apparent exception to the rule is, that if the decision below is correct it must be affirmed although the lower court relied upon a wrong ground or gave a wrong reason (Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224), and this applies to the review of decisions of the Board of Tax Appeals. Helvering v. Rankin, 295 U.S. 123, 132, 133, 55 S.Ct. 732, 79 L.Ed. 1343; Helvering v. Gowran, supra, 302 U.S. at page 246, 58 S.Ct. at page 154, 82 L.Ed.

224. In exceptional cases there may be a reversal by a reviewing court of a decision for reasons not pressed or passed upon below. Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, affirmed on rehearing, 8 Cir., 72 F.2d 374, certiorari denied, 293 U.S. 596, 55 S.Ct. 112, 79 L.Ed. 690.

In the Trapp case the situation was in substance this: A beneficiary brought suit upon a policy of life insurance which the company asserted had lapsed. The question turned upon the construction of certain Missouri statutes. The statutes which the plaintiff expressly relied upon did not sustain her contention that the policy was in force at the time of the insured's death. She did not rely upon § 5741 of the Missouri Statutes, Mo.St.Ann. § 5741, p. 4388, because the construction which had been given to that section by the courts of Missouri up to the time of trial made it inapplicable. The District Court properly directed a verdict for the defendant, upon which judgment was entered. The plaintiff appealed and before the case was presented to this Court the Supreme Court of Missouri construed § 5741 in such a way as to make it obvious that the policy in suit was in full force at the time of the insured's death, and that the company actually was indebted to the plaintiff for the face of the policy. After a consideration of the rule now relied upon by the taxpayer for an affirmance, we said (page 982 of 70 F.2d):

"The record made in the court below contains all of the facts essential to a correct determination of this controversy. The instruction of a verdict favorable to the defendant is assigned as error, and section 5741 of the Missouri Statutes, as interpreted by the case of Gooch v. Metropolitan Life Ins. Co., supra (Mo.Sup.) [333 Mo. 191] 61 S.W.2d 704, is urged upon us as a ground for reversal.

"We regard this case as an exceptional one and analogous to those in which a change of the law after trial has required a reversal of a judgment right when rendered. We have no intention of departing from the general rule that this court will not review questions not presented to nor passed upon by the lower court, but we think it is our duty to recognize the changed situation and 'to give effect to a matter arising since its judgment, and bearing directly upon the right disposition of the case.' Gulf, Colorado & Santa Fe Ry.

Co. v. Dennis, supra, 224 U.S. 503, 507, 32 S.Ct. 542, 543, 56 L.Ed. 860."

In this case there is no dispute about the facts. The question of the taxability to the taxpayer of the income of these trusts was in a broad sense before the Board. In its opinion it referred to rulings to the effect that the income of trusts under which there was reserved to the grantor practically all of the substantial benefits as owner were taxable to him.[5] The Board could not, of course, have been expected to anticipate the decision of the Supreme Court in Helvering v. Clifford, supra. But, because of that decision, we are now advised that the Commissioner was right in determining a deficiency, although the reason given by him for his determination was wrong. We regard the decision of the Supreme Court—rendered after the filing of the opinion and order of the Board—as a matter bearing directly upon the right disposition of this case, and as having created a changed situation which it is our duty to recognize.

The decision of the Board is reversed upon the authority of Helvering v. Clifford, supra.

---

[5] The Board in the closing paragraph of its decision says:

"Cases have been presented to the Board involving trusts created for short periods where the grantor has reserved to himself practically all of the substantial benefits as owner of the property, and the Board has held that such trusts are lacking in substance to such an extent that the income is taxable to the grantor. See Estate of A. C. O'Laughlin, 38 B.T.A. 1120, and cases there cited. The respondent does not argue that those cases are applicable here and obviously they are not, because here the trusts were not lacking in substance during the three years of their existence."