**ESTATE of Carl GENENWEIN, Deceased.**

**Anna M. GENENWEIN, Executrix, and Anna M. Genenwein, Individually, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 13025.

United States Court of Appeals
Sixth Circuit.

April 24, 1957.

Lee S. Jones, Louisville, Ky., for petitioners.

Charles K. Rice, John Potts Barnes, Rollin H. Transue, Lee A. Jackson, I. Henry Kutz, and Louise Foster, Washington, D. C., for respondent.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

The Commissioner determined deficiencies in income tax against petitioners, husband and wife, for the years 1944, 1945, 1947, and 1950, and added a 50% penalty for fraud and a 25% delinquency penalty under 26 U.S.C. (I.R.C.1939) § 291.

Petitioners filed no income tax returns for any year before 1950, in which year they filed a joint return. During the periods involved they kept no books nor records and respondent properly determined their taxable income under the net worth method combined with the nondeductible expenditures method, 26 U.S.C. (I.R.C.1939) § 41.

The Tax Court gave detailed and careful consideration to the case, excluding certain items from assets on the net worth statement, thus reducing deficiencies found, and also finding petitioners not guilty of fraud with intent to evade the tax, thus eliminating the 50% penalty.

The principal contention is that the gain admittedly realized from the sale of certain property of about 26 acres was nontaxable under I.R.C. § 112(f), which provides:

"If property (as a result of * * * an exercise of the power of requisition or condemnation, or the threat or imminence thereof) is compulsorily or involuntarily converted into property similar or related in service or use to the prop-

880

erty so converted, or into money which is forthwith in good faith, under regulations prescribed by the Commissioner with the approval of the Secretary, expended in the acquisition of other property similar or related in service or use to the property so converted, or in the acquisition of control of a corporation owning such other property, or in the establishment of a replacement fund, no gain shall be recognized, but loss shall be recognized." 26 U.S.C. 1946 ed.

In 1950, after selling the real estate in question, petitioners paid $7,734.89 of the proceeds of the sale for the release of the mortgage, some $4,000 for the expenses of the sale, and another substantial part of the proceeds for living expenses and for the purchase of furniture, tools, equipment, two trucks, and an automobile.

■ In 1951 petitioners bought a new tract of 20 acres. They contend that the gain from the sale of the original tract was expended for the acquisition of property similar or related in service and use to the property converted and hence nontaxable under § 112(f). However, as set forth above, a large part of the proceeds of sale was paid for property clearly dissimilar. Also, as found by the Tax Court, petitioners have not shown what part of the proceeds was expended for property similar or related in use. The new tract was paid for by notes and petitioners borrowed $30,000 addditional to improve the property. There was no actual tracing of the proceeds of sale into the 20-acre tract acquired as a replacement. This contention raised a question of fact and the findings of the Tax Court are clearly correct. Frischkorn Development Company v. Commissioner of Internal Revenue, 6 Cir., 88 F.2d 1009; Ovider Realty Company v. Commissioner of Internal Revenue, 4 Cir., 193 F.2d 266; Twinboro Corporation v. Commissioner of Internal Revenue, 2 Cir., 149 F.2d 574, certiorari denied 326 U.S. 754, 66 S.Ct. 93, 90 L.Ed. 453.

■ The further question that a nontaxable capital gain credit of $19,830.15 was made in the net worth statement for 1950 without a corresponding adjustment in the net worth statement was not raised before the Tax Court and will not be considered here. Helvering v. Hormel, 8 Cir., 111 F.2d 1, affirmed 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037.

The decision of the Tax Court is affirmed.