Elwin H. V. REEVES, Jr., et ux.,
Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 14973.

United States Court of Appeals
Sixth Circuit.

March 13, 1963.

Frank W. Cubbon, Jr., Toledo, Ohio, of counsel (Cubbon & Rice, Toledo, Ohio, on the brief), for petitioners.

Alan D. Pekelner, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Arthur I. Gould, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CECIL, Chief Judge, and MILLER and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This case is before the Court on petition of Elwin H. V. Reeves, Jr., and wife, taxpayers, for review of a decision of the Tax Court of the United States. The review is being prosecuted solely on the part of the husband who will be referred to as petitioner or taxpayer.

In 1954, the petitioner, Elwin Reeves, sold a tract of farmland, consisting of fifty-eight acres, for the sum of $145,000. In his income tax return for that year he reported a cost basis of the land as $115,391.86, and a long term capital gain of $29,608.14. The Commissioner of Internal Revenue, in a deficiency determination, found that the capital gain on the sale of the land was $132.974.84. This was arrived at by finding the cost basis of the land to be $11,241.09 and allowing $784.02 as selling expense. This cost basis included an allowance of $2,241.09 for capital improvements.

The petitioner claims that he inherited this land from his father and that in the appraisal of the estate, forty acres were appraised at $600 per acre, and eighteen acres were appraised at $750 per acre. He further claims that he spent a great deal of money over the years in capital improvements, which expenditures should be added to the cost basis of the land.

The petitioner's father died intestate January 12, 1919. The Tax Court found that the petitioner purchased forty acres of the land in question from his father in 1914 for $4,000 and that he purchased the other eighteen acres from his father's estate in 1920 for $5,000. The Tax Court further found that the petitioner was unable to sustain his claim of expenditures for improvements. It did, however, allow an increase of $1,160 in the cost basis to represent expenditures by the taxpayer for capital improvements. Cohan v. Commissioner of Internal Revenue, 39 F.2d 540, 543, C.A.2.

The Commissioner determined additions to the tax for 1954, under section 294(d) (1) (A) of the 1939 Internal Revenue Code, for failure to file a declaration of estimated tax. The Commissioner also determined that the petitioner sold land in 1955 upon which he had a capital gain of $4,662.38. The Tax Court sustained these determinations of the Commissioner and decided that there was an addition to the tax due for the taxable year 1954, for failure to file a declaration

of estimated tax, in the amount of $1,-730.44, and that there was a deficiency in income tax for the year 1955 in the amount of $163.15.

The petitioner did not ask for a review of the addition assessed under section 294(d) (1) (A). Counsel for the petitioner in oral argument in open court waived objection to the decision of the Tax Court for the 1955 taxes. The findings of fact of the Tax Court, upon the other issues which are before us for review, are supported by the evidence and are not clearly erroneous. The scope of our review is limited to this determination. Rule 52(a) Federal Rules Civil Procedure; section 7482(a), Title 26, U.S.C.; Commissioner v. Duberstein, 363 U.S. 278, 290, 80 S.Ct. 1190, 4 L.Ed. 2d 1218; United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746; Kreis v. Commissioner, 227 F.2d 753, 755, C.A.6. The conclusions of the trial judge, as stated in his opinion and the decision entered pursuant to the findings of fact and opinion, are in accord with applicable principles of law. The findings, opinion and decision of the trial judge are reported at Prentice-Hall 1961 T.C.Memo.Dec. 61,-132 (1961).

Counsel for the petitioner, in oral argument to this Court, raised for the first time the question that the government's claim was barred by the statute of limitations. This defense was not set forth in the taxpayer's petition to the Tax Court, was not suggested by the evidence before the Court, nor was there any request for leave to amend the petition in order to present that issue to the Court.

■ The general rule is that questions not raised in the trial courts cannot be considered in the appellate courts. Duignan v. United States, et al., 274 U.S. 195, 200, 47 S.Ct. 566, 71 L.Ed. 996; Blair, Commissioner v. Oesterlein Machine Company, 275 U.S. 220, 225, 48 S.Ct. 87, 72 L.Ed. 249; Burnet, Commissioner v. Commonwealth Improvement Co., 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399; General Utilities & Operating Co. v. Helvering, Commissioner, 296 U.S. 200, 206,

56 S.Ct. 185, 80 L.Ed. 154; Helvering, Commissioner v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511; Helvering, Commissioner v. Tex-Penn Oil Co., 300 U.S. 481, 57 S.Ct. 569, 81 L.Ed. 755; Helvering, Commissioner v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L.Ed. 796.

In Hormel v. Helvering, 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037, the court recognized three exceptions to the general rule. "These decisions and others like them, while recognizing the desirability and existence of a general practice under which appellate courts confine themselves to the issues raised below, nevertheless do not lose sight of the fact that such appellate practice should not be applied where the obvious result would be a plain miscarriage of justice. Analogous in principle is the philosophy which underlies this Court's decisions with relation to appellate practices in other cases: those in which it has been held that a decision of the Board of Tax Appeals can be supported in the reviewing court on a new theory of law (Helvering v. Gowran, 302 U.S. 238, 246, 58 S.Ct. 154, 82 L.Ed. 224); those which have been remanded because the lower courts failed to give consideration to a phase of the case involving legal theories not presented (United States v. Shelby Iron Co., 273 U.S. 571, 579, 47 S.Ct. 515, 71 L.Ed. 781; United States v. Rio Grande Dam & Irrigation Co., 184 U.S. 416, 423, 22 S.Ct. 428, 46 L.Ed. 619.); and those in which there have been judicial interpretations of existing law after decision below and pending appeal—interpretations which if applied might have materially altered the result. (Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327, and cases there cited.)"

■ We find that the facts of the petitioner's case, with reference to the defense of the statute of limitations, do not bring it within any of the exceptions to the general rule.

The statute of limitations defense cannot be raised for the first time in the Court of Appeals when not pleaded in the Tax Court. Austin Co. v. Commis-

sioner of Internal Revenue, 35 F.2d 910, 912, C.A.6, cert. denied 281 U.S. 735, 50 S.Ct. 249, 74 L.Ed. 1150; Henry K. Given, et al. v. Commissioner of Internal Revenue, 238 F.2d 579, 583, C.A.8; Rice v. Commissioner of Internal Revenue, 295 F.2d 239, 240, C.A.5.

The cases cited by counsel for the taxpayer in support of his claim that the question of the statute of limitations can be raised for the first time in this Court are not in point. In Dobbins v. Commissioner, 31 F.2d 935, 937, C.A.3, the taxpayer made application to reopen the case so that he could raise the defense of statute of limitations but it was denied. The Court of Appeals allowed the issue to be raised on appeal for the reason that the Internal Revenue Code then provided that the bar of limitations "shall not only operate to bar the remedy, but shall extinguish the liability." Revenue Act of 1926, Section 1106(a), 44 Stat. 9, 113. This provision was repealed by section 612 of the Revenue Act of 1928, 45 Stat. 791, 875.

In Alameda Park Co. v. Lucas, 59 App. D.C. 175, 37 F.2d 805, the taxpayer applied for leave to amend his petition prior to the entry of decision by the Board of Tax Appeals. In Weir v. Commissioner, 283 F.2d 675, 683, C.A.6, the taxpayer sought leave in the Tax Court to amend his petition after the conclusion of the hearing but before entry of the decision. Inasmuch as this Court remanded the case to the Tax Court on other grounds, it was ordered that the Tax Court should permit the taxpayer to amend his petition to plead the statute of limitations.

Counsel for the taxpayer has cited some authority on abuse of discretion of the trial court. We find no abuse of discretion on the part of the trial court in the conduct of the trial in this case.

We conclude that the decision of the Tax Court was correct, in fact and in law, and that since the defense of statute of limitations was not presented in the Tax Court, it cannot now be raised in this Court.

The decision of the Tax Court is affirmed.