**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Mike J. KOURY, Defendant-Appellant.**
**No. 15274.**

United States Court of Appeals
Sixth Circuit.
June 26, 1963.

8.   See Dominguez v. City and County of Denver, 147 Colo. 233, 363 P.2d 661 (1961).

Mike John Koury, in pro. per.

Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and BROOKS, District Judge.

CECIL, Chief Judge.

This is an appeal from an order of the United States District Court for the Northern District of Ohio, Eastern Division, denying the petition of the defendant-appellant for correction of sentence. The appellant, Mike John Koury, was jointly indicted, with one Beverly Ruth Osborne, a. k. a. Beverly Ruth Lane, on a three-count indictment charging robbery of three banks, in violation of Section 2113(a) (d), Title 18, U.S.C. Each count charged that the defendants put in jeopardy the lives of the custodian of the money by the use of pistols.

The defendants were tried jointly before a jury and were found guilty on all three counts. On April 24, 1961, the defendant Mike John Koury was sentenced to the custody of the Attorney General for 20 years on count one and to 10 years on each of the other two counts. The two 10-year sentences were to run concurrently with each other and consecutively with the sentence on count one, a total of 30 years. Koury's co-defendant Osborne was sentenced on May 4, 1961, to the custody of the Attorney General for 8 years on each count, the sentences to run concurrently. No direct appeal was taken from these convictions and sentences.

The defendant Koury filed a petition for correction of sentence on November 16, 1962. In filing this petition the defendant invoked the jurisdiction of the court pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The pertinent part of this rule is as follows: "The court may correct an illegal sentence at any time."

▪ ▬ The sole question raised by the defendant in his petition is whether the court could impose consecutive sentences on the different counts of the indictment.

This is one of the questions presented on the appeal. The defendant concedes that, in accordance with Rule 8(a), two or more offenses may be charged in the same indictment. That the defendant was properly charged on the three separate offenses in different counts of the same indictment is not open to question. Pummill v. United States, 297 F.2d 34, 35, C. A.8; United States v. Woykovsky, 297 F.2d 179, C.A.7, cert. denied 369 U.S. 867, 82 S.Ct. 1034, 8 L.Ed.2d 86; Terry v. United States, 310 F.2d 715, C.A.5.

▬ The defendant concludes through an erroneous interpretation of Rule 13 that consecutive sentences may not be given. The pertinent part of this rule provides: "The court may order two or more indictments * * * to be tried together if the offenses, * * * could have been joined in a single indictment * * *. The procedure shall be the same as if the prosecution were under such single indictment * * *." The defendant interprets the phrase "single indictment" to mean "single crime." The purpose of this rule can be well illustrated by a reference to this case. The defendant having committed three different robberies could have been indicted on three separate indictments. Had he been so indicted the court could have, under Rule 13, ordered all three indictments tried together. This means that the defendant would have been tried as though there were three counts in one indictment. If the defendant had been indicted on three separate indictments and tried separately, he could have received the maximum sentence of 25 years in each case and they could have been made to run consecutively for a total of 75 years. Rule 13 has no relation to the provision of Rule 8(a) that more than one offense may be included in one indictment. Neither does the phrase "single indictment" in Rule 13 mean one sentence nor change the effect of being indicted for three separate crimes whether in one indictment or separately.

▬ The District Judge denied the defendant's petition in an order as fol-

lows: "It is ordered that the petition of Defendant Mike John Koury for correction of sentence is hereby overruled." One of the assignments of error on the appeal is that the trial judge did not make findings of fact and state conclusions of law. It was apparent on the face of the petition that, as a matter of law, the sentence was not illegal as claimed by the defendant. No finding of facts or statement of conclusions of law were required. Where there was no trial by the court, Rule 23(c) is not applicable.

Finally, the defendant raises one other question on this appeal. He claims that he was given a much more severe sentence than the other participants in the same robberies. This question was not presented by the petition in the District Court and cannot now be argued in this Court. Duignan v. United States, 274 U.S. 195, 200, 47 S.Ct. 566, 71 L.Ed. 996; Lawn v. United States, 355 U.S. 339, 362, n. 16, 78 S.Ct. 311, 2 L.Ed.2d 321, rehearing denied, 355 U.S. 967, 78 S. Ct. 529, 2 L.Ed.2d 542; Reeves v. Commissioner of Internal Revenue, 314 F.2d 438, 439–440, C.A.6. Further, there is nothing in the record of the case before the District Court that discloses the sentences of other participants in the crimes for which the defendant was indicted.

The defendant claims that he was penalized because he asked for a jury trial instead of pleading guilty. Nothing in the record supports this assertion. If there is any merit to the claim, the issue thus raised could not be tried on a petition for correction of sentence. The sentences given the defendant were within the prescribed limits of the statute under which the defendant was indicted and were, therefore, not illegal. (Section 2113(a) (d), Title 18, U.S.C.) In the conclusion to the defendant's brief in this Court he says that he was informed by F. B. I. agents that they would see that he "got the book thrown at him if he refuses to plead guilty." This is related to his claim of unequal and discriminatory sentences which as we have said was not raised by the petition in the District Court and is not a proper question to be determined in an action for correction of sentence under Rule 35.

There is no merit to the defendant's objection that the government was permitted to file a reply to his "Motion of Rebuttal" after the order of the court denying his petition for correction of sentence had been entered. The defendant was in no way prejudiced by the filing of this reply.

The judgment of the District Court is affirmed.