UNITED STATES of America,
Plaintiff-Appellee,

v.

Marion Frye DOELKER, Defendant-
Appellant.

No. 15396.

United States Court of Appeals
Sixth Circuit.

Feb. 6, 1964.

See also D.C., 211 F.Supp. 663.

Burton Berkley, Dept. of Justice, Washington, D. C., for appellee; Louis F. Oberdorfer, Asst. Atty. Gen., Joseph M. Howard, Atty., Dept. of Justice, Washington, D. C., on brief; Merle M. McCurdy, U. S. Atty., C. M. Diamond, Gerald J. Celebrezze, Asst. U. S. Attys., Cleveland, Ohio, of counsel.

John Kennedy Lynch, Cleveland, Ohio, for appellant; Lynch & Conway, Cleveland, Ohio, on brief.

Before MILLER, CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

Marion Frye Doelker, the appellant herein, was convicted in the United States District Court for the Northern District of Ohio, Eastern Division, on an information charging that she wilfully and knowingly failed to make an income tax return to the Director of Internal Revenue for the calendar year 1955, in violation of Section 7203, Internal Revenue Code of 1954. (Sec. 7203, Title 26, U.S.C.) The case was tried to the court without a jury and upon a finding of guilty she was fined $10000 and placed on probation for one year. An information charging a similar offense for the calendar year 1954 was dismissed for the reason that it was barred by the statute of limitations.

The appellant is a Certified Public Accountant. She has practiced her profession for over twenty years and has offices in Cleveland, Elyria, Lorain and Cambridge, Ohio, with twelve to fourteen employees. In the scope of her practice she prepares income tax returns for individuals and various business concerns. The appellant was admitted to practice before the Treasury Department in 1942 and has held a Treasury card continuously since that time. She conducts her accounting business under her former name, Marion A. Frye.

The license to practice before the Treasury Department was renewed in 1952 and a renewal card was issued to the appellant. This card expired on June 30, 1957. Under the regulations she was allowed a year of grace in which

to apply for a renewal. On the last day of the grace period, June 30, 1958, she made application to the Internal Revenue Service in Cleveland for a renewal of her license. She sent a letter with this application asking for a conference.

The appellant failed to answer questions in the application concerning the filing of tax returns for the past five years and specific information of her filing record for the past three years. The investigating agent advised the appellant by letter that the office of the District Director in Cleveland had no record of returns being filed by her for the years 1954, 1955 and 1956. A conference was arranged between the appellant and an agent of the Internal Revenue Service. At the conference the appellant claimed that she had filed returns for the three years in question but that she had made no payment of the taxes. She said that she was waiting for the "Service" to send her a bill for the amount due. Subsequent to this conference, the revenue agents notified appellant that they could find no record of her having filed returns for the years 1939 through 1950.

The principal questions presented by this appeal relate to the sufficiency of the evidence to establish the guilt of the appellant. Aside from the primary question of whether she filed a return for the year 1955, there is little dispute concerning the facts and circumstances of the case. The appellant maintained that she filed the 1955 return and the government claimed that the revenue service could find no evidence of its being filed. This raises a factual issue to be determined by the trier of the facts.

There is testimony from which strong inferences of guilt may be drawn. The explanations of the appellant would tax the credulity of a judge or of jurors. In fact, from this viewpoint they seem incredible.

■ An examination of the record, in our opinion, discloses that the evidence was sufficient to make a prima facie case in favor of the government and that if the case had been tried to a jury, a jury

question would have been presented. We conclude that the testimony was sufficient to support a finding of fact by the trial judge that the appellant was guilty beyond a reasonable doubt of the offense charged in the information.

■ One of the claims made by counsel for the defendant is that there is a fatal variance between the charge in the information and the proof. It is alleged in the information that the appellant was required to make a tax return on or before April 15, 1956. The evidence shows that an extension of time was granted until July 15, 1956. It appears that this question was not specifically raised before the trial court. This Court will not consider questions on appeal which were not presented to the trial court. Duignan v. United States, 274 U.S. 195, 200, 71 L.Ed. 996; United States v. Koury, 319 F.2d 75, 77, C.A.6; Reeves v. Commissioner of Internal Revenue, 314 F.2d 438, 439–440, C.A.6. However, we are of the opinion that the variance here is not material. This Court said in Billingsley v. United States, 274 F. 86, 90, cert. den., 257 U.S. 656, 42 S.Ct. 168, 66 L.Ed. 420: "Nor does the date in an indictment necessarily limit the prosecution to proof of the commission of the offense upon that identical date, provided the date proven is prior to the date of the filing of the indictment, and is in such reasonable proximity to the actual date named in the indictment that the defendants could not have been prejudiced or misled thereby." See also Alexander v. United States, 271 F.2d 140, 143, C.A.8; Cwach v. United States, 212 F.2d 520, 529, C.A. 8, and, Ledbetter v. United States, 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162. No authorities are cited on behalf of appellant in support of this claim.

Other assignments of error concerning the introduction into evidence of "Form 899 Certificate of Assessments and Payments" and the trial judge's "cross examination" of appellant's expert witness are without merit.

The judgment of the District Court is affirmed.