Charles HOGAN, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. A. No. 74–383.**

United States District Court,
S. D. West Virginia,
Charleston Division.

Nov. 4, 1974.

Charles Hogan, pro se.

John A. Field, III, U. S. Atty., Charleston, W. Va., for respondent.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

This action is before the Court on the motion of petitioner, Charles Hogan, for vacating sentences imposed on him following his jury trial conviction on two counts of a heroin distribution indictment in the case of United States of America v. Charles Hogan, Criminal Action No. 72–89–CH. Petitioner is now an inmate of the federal penal institution at Lewisburg, Pennsylvania, serving two consecutive sentences, each for 15 years, totalling 30 years' imprisonment. 21 U.S.C., § 841(b)(1)(A). Upon his affidavit, presented with his motion in the action, he was allowed to proceed *in forma pauperis*. 28 U.S.C., § 1915. His motion was filed and is considered pursuant to provisions of 28 U.S.C., § 2255. The motion was referred to the United States Magistrate for a report. The Government was given 30 days within which to respond to the motion.

Petitioner's motion included a statement on the law and arguments supporting his position on the issues presented. The Government's response includes a memorandum of law and arguments in opposition to the motion. Petitioner has

presented his written rebuttal to the Government's response. The United States Magistrate has submitted his report.

Two bases for vacating his sentences are stated by petitioner in his motion:

1. The two sentences imposed, a sentence of 15 years' imprisonment on each of two counts "to run consecutively and not concurrently with each other," are contrary to the provisions of the statute, 21 U.S.C., § 841(b)(1)(A), and are therefore illegal; and,

2. The Court erred in imposing the maximum sentences under the statute without requiring a pre-sentence report and without stating substantial reasons for the sentences as imposed.

The two-count indictment against petitioner, the defendant in Criminal Action No. 72–89–CH, was returned November 3, 1972. Each count charges a separate offense—distribution of heroin, a narcotic drug controlled substance, in violation of 21 U.S.C., § 841(a)(1). Defendant, appearing with counsel, entered pleas of not guilty to each count on November 9, 1972. The jury trial was conducted over a period of three days, January 29–31, 1973. The verdict was returned on January 31, 1973. The Court denied defendant's motion to set the verdict aside and to enter a judgment of acquittal and denied a defense motion for a pre-sentence investigation before pronouncement of sentence. The Court's judgment order of January 31, 1973, imposed sentences of imprisonment of fifteen years on each of the two counts, "said periods of imprisonment to run consecutively and not concurrently with each other, making a total period of imprisonment of thirty (30) years."

The statute, 21 U.S.C., § 841(b)(1)(A), under which the sentences were imposed, provides as follows:

### Penalties

(b) Except as otherwise provided in section 845 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $50,000, or both. . . .

■■ Petitioner reasons in his motion and in his rebuttal to the Government's response that the language of the statute is precise—that the Congress did not intend that consecutive sentences might be imposed upon a defendant's conviction "on a multi-count indictment." The Court reads and understands the statute language in a different light and finds the law contrary to petitioner's position. United States v. Valot, 481 F.2d 22 (2nd Cir. 1973). As stated by the Court in the *Valot* case, "the elimination of such a basic procedure as consecutive sentencing should be accomplished only by the clearest indication from the Congress." United States v. Koury, 319 F.2d 75 (6th Cir. 1963); Rule 8(a), Federal Rules of Criminal Procedure; Wharton's Criminal Law and Procedure, § 2214 (1957); 21 Am.Jur.2d, Criminal Law, § 547 (1965).

In support of the second basis of his motion, that the Court erred in not requiring a pre-sentence report before imposing the sentences, petitioner states in part:

. . . The sentencing judge heard all damaging comment toward Petitioner without hearing the good side so to speak. The sentencing judge may also have been influenced by

some of the remarks made in open court in considering such a stiff sentence. The law requires that a written reason for a denial of a pre-sentence report be in the record. The mere statement by the judge that none is necessary does not meet the requirement. . . .

Rule 32(c)(1), Federal Rules of Criminal Procedure, provides in part:

(c) Presentence Investigation.

(1) When Made. The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. . . .

■■ The record in Criminal Action No. 72–89–CH, the case in which petitioner's consecutive sentences were imposed, is extensive. The Court heard testimony during the trial lasting over a period of three days. Other similar and related cases were then pending in the Court. At the time the sentences were imposed in petitioner's case the Court had adequate and reliable factual knowledge as basis for an informed judgment on sentencing. The controlling language of Rule 32(c)(1), as above quoted, points to the inaccuracy of petitioner's statement in his motion that the "law requires that a written reason for a denial of a pre-sentence report be in the record." * See Wright, Federal Practice and Procedure, § 522 (1969). As stated in United States v. Teague, 445 F.2d 114, 122 (7th Cir. 1971):

We also reject defendant's claim that the trial court was in error in refusing to order the preparation of a pre-sentence report. The ordering of a pre-sentence report is within the discretion of the court. United States v. Hutul, 416 F.2d 607, 627 (7th Cir. 1969), cert. denied 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 (1970); Rule 32(c), Fed.Rules Crim.Proc. While we believe it to be the better practice for judges to consider information in pre-sentence reports, we do not believe there was an abuse of discretion in refusing to allow the preparation of one in this case. The judge, after giving defense counsel an opportunity to state facts in mitigation, took into consideration factors which justify the sentence. Thus, defendant has failed to demonstrate the prejudice to him resulting from the refusal to order a pre-sentence report.

Upon careful consideration of the record in this action and in Criminal Action No. 72–89–CH, as above identified and referenced, together with the memoranda of law and arguments presented by petitioner and respondent, the Court finds and concludes:

1. The two consecutive sentences imposed in Criminal Action No. 72–89–CH, upon defendant's conviction by a jury on two separate offenses set out in two separate counts in the indictment therein, are lawful and valid.

2. No pre-sentence report on the defendant was required in Criminal Action No. 72–89 CH prior to imposition of sentences following defendant's jury trial conviction.

3. Petitioner's motion for an order vacating the sentences so imposed is without merit and will be denied.

Wherefore, it is

Ordered that petitioner's motion, identified in the record as a "Motion to Correct an Illegal Sentence," filed herein on September 18, 1974, be, and it is hereby, denied.

* A proposed amendment to Rule 32(c)(1), embraced in an order entered by the Supreme Court of the United States on April 22, 1974, and transmitted to the Congress by the Chief Justice on that date, contains the following language:
"The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs for reasons stated on the record." Public Law 93–361 (H.R. 15461), approved July 30, 1974, postponed the effective date of the proposed amendment until August 1, 1975.

The United States Magistrate's Report in the action, dated October 29, 1974, will be filed with and as a part of the record herein.

The Clerk is directed to mail by United States mail a certified copy of this Memorandum Order to petitioner, Charles Hogan, P.O. Box No. 1000, Lewisburg, Pennsylvania 17837, and to the United States Attorney for the Southern District of West Virginia.

All proceedings in this cause being concluded, the action will be dismissed and removed from the docket of the Court.